# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 5, 2013

145651 & (16)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

CARLOS OJEDA, Personal Representative of
the Estate of Juan M. Santana, Deceased,
           Plaintiff-Appellee,

v

JEFFREY M. SIEGLER and MARY ANN
SIEGLER,
           Defendants-Appellants.

SC: 145651
COA: 308864
Lapeer CC: 11-044287-NO

_____/

On order of the Court, the motion for leave to file brief amicus curiae is
GRANTED.  The application for leave to appeal the July 10, 2012 order of the Court of
Appeals is considered, and it is DENIED, because we are not persuaded that the question
presented should now be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur in this Court's denial of leave to appeal in this case involving the
wrongful death of an illegal immigrant because I believe the trial court correctly denied
defendants' motion for partial summary disposition to limit damages for lost future wages
to the wages decedent would have earned in his country of origin.  However, I write
separately because I am concerned that parts of the trial court's statements in its ruling
could be construed to extend beyond that holding.  In particular, the trial court stated:

> [D]efendants must be prepared to demonstrate something more than
> just the mere fact that plaintiff resides in the United States illegally.  Absent
> such a showing, a defendant will be precluded from presenting to the jury
> evidence which would indicate a plaintiff's immigration status.

Although the trial court's ruling merely has the effect of allowing decedent to recover lost
wages above the level of those he would have earned in his country of origin, the
foregoing statement could be interpreted to prevent defendants from introducing evidence

of decedent's illegal status absent *additional* evidence indicating the likelihood of deportation. While such additional evidence may also be relevant—such as the fact that defendants employed decedent with the knowledge that he was illegally in this country, which suggests that he may have continued to work in this country and earn American wages but for his wrongful death—the fact that decedent was an illegal alien is relevant regardless of whether there is additional evidence. Decedent, as a result of his illegal status, was subject to deportation at any time. This reality is sufficient, *without more*, to make decedent's illegal status relevant. See *Melendres v Soales*, 105 Mich App 73, 78 (1981) (stating that the plaintiff's status as an illegal alien was "material and relevant to the issue of damages, specifically the present value of future lost earnings," because "he was subject to deportation to Mexico at any time," and "[t]he wages plaintiff could expect to receive in Mexico were significantly lower than those he received in this country. Under these circumstances, the jury had a right to know of plaintiff's illegal status when calculating damages"). Because I believe that decedent's illegal status, standing alone, is relevant to an estimation of his lost future earnings, I would not preclude its admission regardless of whether there is additional evidence.

VIVIANO, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 5, 2013

_____
Clerk

d0402